**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NATHANIEL P. HELM,

Defendant-Appellant.

No. 00-5126
(D.C. No. 00-CR-10-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA, McKAY, and PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Nathaniel Helm pleaded guilty to 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing a firearm in furtherance of a crime of violence) and 18 U.S.C. § 924(c)(1)(C)(i)

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(second or subsequent conviction under this section), for his participation in two separate armed robberies, having been charged with accomplice liability under 18 U.S.C. § 2 in association with both robberies, as well as other charges. He was sentenced to the statutory minimum for these two crimes: seven years under the first § 924(c)(1)(A)(ii) conviction, and, pursuant to § 924(c)(1)(C)(i), twenty-five years for the second conviction, to be served consecutively as provided in § 925(c)(1)(D)(ii). In the first robbery, Mr. Helm brandished a 9mm gun, while his accomplice brandished a sawed-off shotgun. R. Vol. III, Tr. of Plea Hr'g at 20-21. In the second robbery, Mr. Helm and his accomplice planned the robbery; Mr. Helm entered the store in advance of his accomplice and pretended to be a shopper; Mr. Helm watched as his accomplice brandished a gun and robbed the store; and, in furtherance of their plan, Mr. Helm stayed in the store after the robbery and lied to the police to impede the investigation. *Id*. at 17-19.

Mr. Helm's plea agreement included an agreement not to directly appeal or collaterally attack his convictions or sentences, except as to the issue of ineffective assistance of counsel. In this appeal, he raises ineffective assistance of counsel, as well as challenging the sufficiency of the evidence supporting his plea of guilty to the weapons charge at the second robbery. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), as to the

substantive issue on appeal, and has moved to withdraw in light of Mr. Helm's claim of ineffective assistance of counsel. Mr. Helm filed a *pro se* response brief, outlining the two issues. The government filed a response brief and supplemental appendix.

Mr. Helm claims that his guilty plea to the § 924(c) charge with respect to the second robbery, during which he did not carry a gun, was not sufficiently supported by the evidence. This claim is without merit. Mr. Helm participated in the planning for the robbery. He fulfilled his role in the plan by posing as a customer in the store, observing the robbery which included the use of a gun, and lying to the police, as planned, to divert the investigation of the robbery away from his accomplice. Evidence of this conduct is sufficient to support a guilty plea under 18 U.S.C. § 924(c). *See United States v. Wiseman*, 172 F.3d 1196, 1217 (10th Cir.) (co-defendant's display of weapon during robbery was sufficient to support "use" of weapon during the robbery under § 924(c) under *Bailey v. United States*, 516 U.S. 137 (1995), thus providing sufficient evidence to convict accomplice), *cert. denied*, 120 S. Ct. 211 (1999); *United States v. Bindley*, 157 F.3d 1235, 1238 (10th Cir. 1998) (evidence was sufficient to show that defendant "was involved in planning the crimes, he was contemporaneously aware of the commission of the crimes, he knowingly and willfully performed numerous acts to aid commission of the crimes, he acted with the intention of causing the crimes to

be committed, and he knowingly and willfully performed acts after the crimes were committed to avoid their detection").

Claims of ineffective assistance of counsel should be raised on collateral review, rather than on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Mr. Helm's claim of ineffective assistance is hereby dismissed without prejudice.

Attorney J. Lance Hopkins' amended motion to withdraw as counsel for Mr. Helm is hereby GRANTED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge